# EXHIBIT B

TO DEFENDANT BRADSHAW INTERNATIONAL, INC.'S MOTION TO STRIKE EXPERT WITNESS REPORT OF REBEKAH A. SMITH AND LIMIT TESTIMONY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Kimber Cakeware, LLC** : | |
| : | Case No. 2:13-cv-0185 |
| Plaintiff, : | |
| : | Judge Marbley |
| vs. : | |
| : | Magistrate Judge King |
| **Bradshaw International, Inc.** : | |
| : | |
| Defendant : | |

### PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT

NOW COMES the Plaintiff, Kimber Cakeware, LLC, by and through counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure and hereby requests that Defendant, Bradshaw International, Inc., answer the interrogatories which follow under oath and in writing within thirty (30) days of service.

### Definitions and Instructions

A. As to parties and items named:

1. "Plaintiff" refers to Plaintiff Kimber Cakeware, LLC and any officers, directors, agents, attorneys, or representatives thereof.

2. "Defendant" refers to Defendant Bradshaw International, Inc. and any officers, directors, agents, attorneys, or representatives thereof.

B. Unless the context of the instance clearly indicates otherwise, the word "or" shall be read as meaning the equivalent of the word "and".

C. For purposes of this document, the singular shall include the plural and the plural shall include the singular; the male shall include the female and the female shall include the male.

D. As used herein, the terms "you," "your," or "yourself," refer to the party or parties to whom these requests are directed, each of your agents, representatives, and attorneys, and each person acting or purporting to act on your behalf.

E. As used herein, the term "representative" means any and all agents, employees, servants, offices, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

F. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

G. As used herein, the term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and includes any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, e-mail, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, mailgram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing sheet or card, or any other written, recorded, transcribed, punched or reproduced item, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

H. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

I. As used herein, the term "Sweet Creations by Good Cook™ Cupcake Batter Divider" refers to the cupcake batter separator pictured in paragraph 28 of Plaintiff's Complaint under the heading "Bradshaw Batter Separator" and any substantially similar products designed and/or developed by Defendant.

J. As used herein, the term "'376 Patent" means U.S. Design Patent No. D671,376.

K. As used herein, the term "Pending Litigation" means Case No. 2:13-cv-0185 currently pending in the U.S. District Court for the Southern District of Ohio, Eastern Division.

L. As used herein, the terms "identification," "identity," or "identify," when used in reference to:

    1. a natural individual, requires you to state his or her full name and residential and business addresses;

    2. a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its

      principal place of business, and the addresses of all of its officers (specify the region);

3. a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors or recipients, and its present location and custodian;

4. a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was not written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication. When used in reference to communications, it means to describe the statements and communications by stating the date and place where they were made; identifying each of the makers and recipients thereof in addition to all persons present; and indicating the medium of communication. Note: when identifying the date of an oral statement or communication, the precise date must be given; if only an approximate date is given it will be presumed that you have no recall or specific knowledge as to the exact date. When used in reference to a document or documentary evidence, it means to state the type of document (e.g. letter, memorandum, telegram, chart) its author and originator, its date or dates, all addresses and recipients, its present location or custodian, the topics dealt with therein with such reasonable particularity as is sufficient for a specific demand for production and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is in your possession or subject to your custody or control, state what disposition was made of it.

5. Documents to be identified shall include all documents in your possession, or under your control, or in the possession of anyone acting on your behalf, including, but not limited to, representatives, attorneys, investigators, whether they be hired or appointed by you, your attorneys or their representatives, or by a court of law.

M.     These interrogatories are to be deemed to be continuing in nature.

## INTERROGATORIES

1. For each month, starting on December 1, 2011 until the current date, separately state Bradshaw International Inc.'s aggregate gross and net profits from the sale of the Sweet Creations by Good Cook™ Cupcake Batter Divider. Include in response to this interrogatory a specific description of how Bradshaw International, Inc. calculates gross and net profits on the Product.

**RESPONSE:**

Respectfully Submitted,

McNEES WALLACE & NURICK LLC

_____
Samuel N. Lillard (#0040571) (Trial Attorney)
Courtney J. Miller (#0070450)
David M. Marcus (#0087144)
McNees Wallace & Nurick LLC
21 East State Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 469-8000
Fax: (614) 469-4653
slillard@mwncmh.com
cmiller@mwncmh.com
dmarcus@mwncmh.com

*Attorneys for Kimber Cakeware, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Second Set of Interrogatories to Defendant was served upon the below-listed counsel via regular U.S. Mail and e-mail on this 16 day of April, 2014:

Phillip G. Eckenrode
HAHN LOESER & PARKS, LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
peckenrode@hahnlaw.com

R. Eric Gaum
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
regaum@hahlaw.com

OF COUNSEL:

Robert J. Kenney
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
rjk@bskb.com
mailroom@bskb.com

Michael B. Marion
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
mbm@bskb.com
mailroom@bskb.com

ATTORNEYS FOR DEFENDANT
BRADSHAW INTERNATIONAL, INC.

_____
Samuel N. Lillard

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kimber Cakeware, LLC** | : | |
| | : | Case No. 2:13-cv-0185 |
| Plaintiff, | : | |
| | : | Judge Marbley |
| vs. | : | |
| | : | Magistrate Judge King |
| **Bradshaw International, Inc.** | : | |
| | : | |
| Defendant | : | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

NOW COMES the Plaintiff, Kimber Cakeware, LLC, by and through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and hereby requests that Defendant produce the following writings, documents and things within Defendant's possession, custody or control to the Law Offices of McNees Wallace & Nurick at 21 East State Street, 17th Floor, Columbus, Ohio 43215, on or before the thirtieth (30th) day from receipt of the request by appointment, or at such time as counsel may mutually designate. In the alternative, Defendant may forward copies of the requested documents to counsel before said date.

## INSTRUCTIONS FOR ANSWERING

If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document: (a) describe the nature of the documents (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document: (a) describe the nature of the document (e.g., letter or memorandum); (b) the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

In accordance with the Federal Rules of Civil Procedure, these document requests are viewed as continuing, and you will be under a constant duty to seasonably supplement and amend your response with respect to any question contained herein. Any failure to seasonably supplement your answers may result in sanctions, which can be imposed upon you by the Court in accordance with Rule 37 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

    A. As to parties and items named:

        1. "Plaintiff" refers to Plaintiff Kimber Cakeware, LLC and any officers, directors, agents, attorneys, or representatives thereof.

        2. "Defendant" refers to Defendant Bradshaw International, Inc. and any officers, directors, agents, attorneys, or representatives thereof.

    B. Unless the context of the instance clearly indicates otherwise, the word "or" shall be read as meaning the equivalent of the word "and".

    C. For purposes of this document, the singular shall include the plural and the plural shall include the singular; the male shall include the female and the female shall include the male.

    D. As used herein, the terms "you," "your," or "yourself," refer to the party or parties to whom these requests are directed, each of your agents, representatives, and attorneys, and each person acting or purporting to act on your behalf.

    E. As used herein, the term "representative" means any and all agents, employees, servants, offices, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

    F. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

    G. As used herein, the term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and includes any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, e-mail, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, mailgram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing sheet or card, or any other written, recorded, transcribed, punched or reproduced item,

which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

       H.     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

       I.     As used herein, the term "Sweet Creations by Good Cook™ Cupcake Batter Divider" refers to the cupcake batter separator pictured in paragraph 28 of Plaintiff's Complaint under the heading "Bradshaw Batter Separator" and any substantially similar products designed and/or developed by Defendant.

       J.     As used herein, the term "'376 Patent" means U.S. Design Patent No. D671,376.

       K.     As used herein, the term "Pending Litigation" means Case No. 2:13-cv-0185 currently pending in the U.S. District Court for the Southern District of Ohio, Eastern Division.

       L.     As used herein, the terms "identification," "identity," or "identify," when used in reference to:

    1. a natural individual requires you to state his or her full name and residential and business addresses;

    2. a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all of its officers (specify the region);

    3. a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors or recipients, and its present location and custodian;

    4. a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was not written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication. When used in reference to communications, it means to describe the statements and communications by stating the date and place where they were made; identifying each of the makers and recipients thereof in addition to all persons present; and indicating the medium of communication. Note: when identifying the date of an oral

statement or communication, the precise date must be given; if only an approximate date is given it will be presumed that you have no recall or specific knowledge as to the exact date. When used in reference to a document or documentary evidence, it means to state the type of document (e.g. letter, memorandum, telegram, chart) its author and originator, its date or dates, all addresses and recipients, its present location or custodian, the topics dealt with therein with such reasonable particularity as is sufficient for a specific demand for production and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is in your possession or subject to your custody or control, state what disposition was made of it.

5. Documents to be identified shall include all documents in your possession, or under your control, or in the possession of anyone acting on your behalf, including, but not limited to, representatives, attorneys, investigators, whether they be hired or appointed by you, your attorneys or their representatives, or by a court of law.

M. These requests are to be deemed to be continuing in nature.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All documents identified in, relied upon in, or relating to your responses to Plaintiff's Second Set of Interrogatories.

**RESPONSE:**

Respectfully Submitted,

McNEES WALLACE & NURICK LLC

_____
Samuel N. Lillard (#0040571) (Trial Attorney)
Courtney J. Miller (#0070450)
David M. Marcus (#0087144)
McNees Wallace & Nurick LLC
21 East State Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 469-8000
Fax: (614) 469-4653
slillard@mwncmh.com
cmiller@mwncmh.com
dmarcus@mwncmh.com

*Attorneys for Kimber Cakeware, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Second Request for Production of Documents to Defendant was served upon the below-listed counsel via regular U.S. Mail and e-mail on this 16th day of April, 2014:

Phillip G. Eckenrode
HAHN LOESER & PARKS, LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
peckenrode@hahnlaw.com

R. Eric Gaum
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
regaum@hahlaw.com

OF COUNSEL:

Robert J. Kenney
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
rjk@bskb.com
mailroom@bskb.com

Michael B. Marion
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
mbm@bskb.com
mailroom@bskb.com

ATTORNEYS FOR DEFENDANT
BRADSHAW INTERNATIONAL, INC.

_____
Samuel N. Lillard

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kimber Cakeware, LLC** | : | |
| | : | Case No. 2:13-cv-0185 |
| Plaintiff, | : | |
| | : | Judge Marbley |
| vs. | : | |
| | : | Magistrate Judge King |
| **Bradshaw International, Inc.** | : | |
| | : | |
| Defendant | : | |

## PLAINTIFF'S THIRD REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

NOW COMES the Plaintiff, Kimber Cakeware, LLC, by and through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and hereby requests that Defendant produce the following writings, documents and things within Defendant's possession, custody or control to the Law Offices of McNees Wallace & Nurick at 21 East State Street, 17th Floor, Columbus, Ohio 43215, on or before the thirtieth (30th) day from receipt of the request by appointment, or at such time as counsel may mutually designate. In the alternative, Defendant may forward copies of the requested documents to counsel before said date.

### INSTRUCTIONS FOR ANSWERING

If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document: (a) describe the nature of the documents (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document: (a) describe the nature of the document (e.g., letter or memorandum); (b) the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

In accordance with the Federal Rules of Civil Procedure, these document requests are viewed as continuing, and you will be under a constant duty to seasonably supplement and amend your response with respect to any question contained herein. Any failure to seasonably supplement your answers may result in sanctions, which can be imposed upon you by the Court in accordance with Rule 37 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

A. As to parties and items named:

1. "Plaintiff" refers to Plaintiff Kimber Cakeware, LLC and any officers, directors, agents, attorneys, or representatives thereof.

2. "Defendant" refers to Defendant Bradshaw International, Inc. and any officers, directors, agents, attorneys, or representatives thereof.

B. Unless the context of the instance clearly indicates otherwise, the word "or" shall be read as meaning the equivalent of the word "and".

C. For purposes of this document, the singular shall include the plural and the plural shall include the singular; the male shall include the female and the female shall include the male.

D. As used herein, the terms "you," "your," or "yourself," refer to the party or parties to whom these requests are directed, each of your agents, representatives, and attorneys, and each person acting or purporting to act on your behalf.

E. As used herein, the term "representative" means any and all agents, employees, servants, offices, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

F. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

G. As used herein, the term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and includes any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, e-mail, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, mailgram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing sheet or card, or any other written, recorded, transcribed, punched or reproduced item,

which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

      H.    As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

      I.    As used herein, the term "Sweet Creations by Good Cook™ Cupcake Batter Divider" refers to the cupcake batter separator pictured in paragraph 28 of Plaintiff's Complaint under the heading "Bradshaw Batter Separator" and any substantially similar products designed and/or developed by Defendant.

      J.    As used herein, the term "'376 Patent" means U.S. Design Patent No. D671,376.

      K.    As used herein, the term "Pending Litigation" means Case No. 2:13-cv-0185 currently pending in the U.S. District Court for the Southern District of Ohio, Eastern Division.

      L.    As used herein, the terms "identification," "identity," or "identify," when used in reference to:

    1. a natural individual requires you to state his or her full name and residential and business addresses;

    2. a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the addresses of all of its officers (specify the region);

    3. a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors or recipients, and its present location and custodian;

    4. a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was not written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication. When used in reference to communications, it means to describe the statements and communications by stating the date and place where they were made; identifying each of the makers and recipients thereof in addition to all persons present; and indicating the medium of communication. Note: when identifying the date of an oral

      statement or communication, the precise date must be given; if only an approximate date is given it will be presumed that you have no recall or specific knowledge as to the exact date. When used in reference to a document or documentary evidence, it means to state the type of document (e.g. letter, memorandum, telegram, chart) its author and originator, its date or dates, all addresses and recipients, its present location or custodian, the topics dealt with therein with such reasonable particularity as is sufficient for a specific demand for production and any identifying marks, numerals, code words or letters distinguishing it from other like documents. If any such document was, but no longer is in your possession or subject to your custody or control, state what disposition was made of it.

    5. Documents to be identified shall include all documents in your possession, or under your control, or in the possession of anyone acting on your behalf, including, but not limited to, representatives, attorneys, investigators, whether they be hired or appointed by you, your attorneys or their representatives, or by a court of law.

M.     These requests are to be deemed to be continuing in nature.

## REQUEST FOR PRODUCTION OF DOCUMENTS

49. A seasonably updated copy of the "Orange Report" for Bradshaw's cupcake batter divider.

**RESPONSE:**

50. Please produce the PowerPoint presentation, or other materials created for the "sales force" regarding the Bradshaw cupcake batter divider, as identified by Keri Anderson on page 61 of her March 4, 2014 deposition.

**RESPONSE:**

                                              Respectfully Submitted,

                                              McNEES WALLACE & NURICK LLC

Samuel N. Lillard (#0040571) (Trial Attorney)
Courtney J. Miller (#0070450)
David M. Marcus (#0087144)
McNees Wallace & Nurick LLC
21 East State Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 469-8000
Fax: (614) 469-4653
slillard@mwncmh.com
cmiller@mwncmh.com
dmarcus@mwncmh.com

*Attorneys for Kimber Cakeware, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Third Request for Production of Documents to Defendant was served upon the below-listed counsel via regular U.S. Mail and e-mail on this 24th day of April, 2014:

Phillip G. Eckenrode
HAHN LOESER & PARKS, LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
peckenrode@hahnlaw.com

R. Eric Gaum
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
regaum@hahlaw.com

OF COUNSEL:

Robert J. Kenney
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
rjk@bskb.com
mailroom@bskb.com

Michael B. Marion
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, Virginia 22042
mbm@bskb.com
mailroom@bskb.com

ATTORNEYS FOR DEFENDANT
BRADSHAW INTERNATIONAL, INC.

David M. Marcus